UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CHRIS MILBURN and ANITA MILBURN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:17-CV-35-TAV-HBG |
| | ) | |
| HUGH D. HUDGENS, SHORE TRUCKING, CO., | ) | |
| AVERITT EXPRESS, INC., and DAVID | ) | |
| WILLIAMS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiffs' Motion to Compel Directed to Defendant Averitt Express [Doc. 57] and Defendants Averitt Express, Inc., and David Williams's Motion for Additional Time to Disclose Experts and to Convene a Status Conference [Doc. 60]. The parties appeared before the Court on May 21, 2018, for a motion hearing. Attorney James O'Brien was present on behalf of Plaintiffs. Attorney Louis McElroy, II, was present on behalf of Defendants Averitt Express, Inc., and David Williams. Attorney Benjamin Jones appeared on behalf of Defendants Hugh Hudgens and Shore Trucking Company, Inc.[1] Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** the Motion to Compel [**Doc. 60**]. Further, pursuant to the representation of Defendants Averitt Express, Inc., and David Williams made at the hearing, the Motion for Additional Time to Disclose Experts [**Doc. 60**] is hereby **WITHDRAWN**.

---

[1] The Court held the hearing in conjunction with a hearing in *Swisher v. Williams*, 3:17-CV-74.

With respect to the Motion to Compel, Plaintiffs state that they served discovery requests on Defendant Averitt Express, Inc., ("Averitt"), but the discovery requests remain outstanding. Defendant Averitt did not file a response to the Motion. *See* E.D. Tenn. L.R. 7.1 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought.").

As an initial matter, the Court observes that Plaintiffs' Motion is deficient in several ways. First, pursuant to Federal Rule of Civil Procedure 37, a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosures or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a). Plaintiffs' Motion states that following depositions and follow-up letters, Defendant Averitt's discovery responses remain deficient. This sentence does not meet the good-faith certification required by the Rule. The Court reminds the parties that the good-faith certification pursuant to Rule 37(a)(1) is not an "empty formality" and that the parties are required to engage in meaningful attempts to resolve discovery disputes prior to filing such motions. *Brady v. LTD Parts, Inc.*, No. 2:08-0058, 2009 WL 2224172, at *1 (M.D. Tenn. July 22, 2009) (quoting *Ross v. Citifinancial, Inc.*, 203 F.R.D. 239, 240 (S.D. Miss. 2001)).

Second, the Court notes that Plaintiffs failed to comply with Section 3(j) of the Scheduling Order [Doc. 33], which requires parties to take certain steps before filing motions regarding discovery disputes. First, the parties shall meet and confer in an attempt to resolve disputes between themselves, without judicial intervention. Second, if the parties are unable to resolve the disputes informally, they shall attempt to resolve their disagreement by conference with the undersigned. Third, "[i]f, and only if, the parties' dispute is unresolved following the conference with the undersigned, the parties may file appropriate written motions with the Court."[2] The

---

[2] The Court observes that this is not the first time that Plaintiffs have filed a motion to compel without completing the required steps in the Scheduling Order. *See* [Doc. 27].

purpose of Rule 37(a)(1) and the procedure in the Scheduling Order is to save, not only judicial resources, but the parties' resources because many discovery disputes can be resolved without engaging in time consuming and expensive motion practice. Plaintiffs are hereby **ADMONISHED** that the failure to follow these Rules may warrant future motions involving discovery disputes to be summarily denied.

Despite the above deficiencies, the Court addressed the Motion to Compel at the May 21 hearing because, as mentioned above, Defendant Averitt did not file an objection, let alone a response to the Motion. *See* E.D. Tenn. L.R. 7.1 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought."). During the hearing, Plaintiffs stated that Defendant Averitt had produced additional documents but that the responses remain deficient with respect to driver logs, hours of service, the specific truck Defendant Williams was driving, communications between Defendants Williams and Averitt, and documents relating to the investigation of the accident. Specifically, Plaintiffs explained that Request for Production Nos. 1, 7, 58, 70, and Corporate Designee Requests Nos. 2, 5, 20, and 27 remain deficient. Defendant Averitt responded that some of the discovery that Plaintiffs seek does not exist and that information relating to the investigation of the accident and root cause analysis has been provided. Further, Defendant Averitt stated that Defendant Williams is no longer working for the company.

The Court **ORDERS** Defendant Averitt to respond to the outstanding discovery requests (Request for Production Nos. 1, 7, 58, 70, and Corporate Designee Request Nos. 2, 5, 20, and 27) within fourteen (14) days of entry of this Memorandum and Order. If the documents do not exist, Defendant Averitt shall state so. If they have already been provided, Defendant Averitt shall indicate the document that is responsive to the request. Accordingly, Plaintiffs' Motion to Compel [**Doc. 57**] is **GRANTED IN PART AND DENIED IN PART**.

Finally, during the hearing, Defendants Averitt and Williams stated that they were withdrawing their Motion for Additional Time to Disclose Experts [**Doc. 60**]. Accordingly, the Motion for Additional Time to Disclose Experts [**Doc. 60**] is hereby **WITHDRAWN**.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge